UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY M. MINNIE,

    Petitioner,

Case No. 2:20-cv-11675

HONORABLE STEPHEN J. MURPHY, III

v.

MIKE BROWN,

    Respondent.

_____/

**ORDER TRANSFERRING THE CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Petitioner Timothy M. Minnie, a state prisoner currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF 1. His petition also contained a request for a temporary restraining order and a complaint for injunctive relief seeking release from custody and placement in home confinement due to his risk of illness or death from COVID-19. *Id*. He also filed a motion for waiver of fees and costs and a motion for the appointment of counsel. ECF 2, 3.

Minnie was convicted in St. Clair County Circuit Court and was sentenced to 6 and a half to 20 years imprisonment ECF 1, PgID 2. Minnie's petition did not challenge his convictions or sentences, but rather sought release from prison and placement in home confinement due to the ongoing pandemic. *Id.*

A state prisoner in a state that has two or more federal judicial districts may file a habeas petition in the district where he is in custody or in the district where he was convicted and sentenced. 28 U.S.C. § 2241(d). The district where the prisoner is

1

incarcerated and the district where he was convicted and sentenced have concurrent jurisdiction to entertain the application. *Id*. But the court in the district where the petition was filed may, "in the exercise of its discretion and in furtherance of justice . . . transfer the application to the other district for a hearing and determination." *Id*. And "[i]t is well settled that the district courts have wide discretion to transfer an action to a different district or division, where it might have been brought, for the convenience of the parties and witnesses, in the interests of justice, pursuant to 28 U.S.C. § 1404(a)." *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 394 (E.D. Mich. 1982) (citing *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955)). "In fact, 28 U.S.C. § 1404(a) does not require a motion; a district court may transfer a case sua sponte." *Carver v. Knox Cty., Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989) (footnote omitted).

Minnie was convicted in St. Clair County, which lies in the Eastern District of Michigan, *see* 28 U.S.C. § 102(a), but he is not attacking his convictions. Instead, his petition and related requests solely challenge the risk and conditions of his confinement due to the spread of COVID-19 at his place of incarceration in Kincheloe, Chippewa County, Michigan, which lies in the Western District of Michigan. *See* 28 U.S.C. § 102(b). Additionally, Kinross Warden Mike Brown, the Respondent, is located in the Western District of Michigan.

Because of the potential inconvenience and expense of moving Minnie between his facility and the Court for any hearings and because the entirety of his petition relates to acts and witnesses within the confines of the Western District of Michigan, the Court finds that the Western District of Michigan is a more convenient and

appropriate venue for this action and the interests of justice are served by a transfer of the case to that court.

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court shall **TRANSFER** the case to the United States District Court for the Western District of Michigan.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: July 27, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 27, 2020, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager

3